UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | VIOLATIONS: *13crr0065* |
| | ) | |
| | ) | 18 U.S.C. § 1349 |
| v. | ) | Mail Fraud Conspiracy |
| | ) | |
| THOMAS J. KENNEDY, | ) | 26 U.S.C. § 7206(1) |
| | ) | Filing a False |
| | ) | Individual Tax Return |
| Defendant. | ) | |
| | ) | 18 U.S.C. § 981 and |
| | ) | 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |

## INFORMATION

**COUNT ONE:**      **(18 U.S.C. § 1349 - Mail Fraud Conspiracy)**

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times pertinent to Count One of this Information, unless otherwise specified:

1.    The Boston Society of the New Jerusalem, Inc. ("BSNJ") was a charitable religious non-profit corporation which operated as a church and was established under the laws of the Commonwealth of Massachusetts.  BSNJ established Bostonview Corporation, Inc. ("BVC") for the specific purpose of holding title to property located at 130-140 Bowdoin Street, Boston,

Massachusetts.   Together, BSNJ and BVC will be referred to herein as the "Church."

2.   The 130-140 Bowdoin Street property is an 18-story apartment building with 145 residential rental units.   These rental units generate net income of approximately $1.4 million per year.   Each year since 2006, BVC has remitted all of its net income to BSNJ.

3.   In approximately 2002, **Thomas J. KENNEDY,** defendant herein (hereinafter, "**KENNEDY**"), became a member of BSNJ to obtain power and influence over the members, allowing him to be placed in positions of authority within the Church, and thereby providing access to the Church's financial holdings.

## THE FRAUD SCHEME

4.   As set forth below, from at least as early as on or about April 26, 2006, until at least on or about June 20, 2008, at Boston, Canton, and elsewhere in the District of Massachusetts, **KENNEDY** combined, conspired, confederated, and agreed with "Co-conspirator #1" and other persons, known and unknown, to devise a scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises from the Church and others by using their positions within the Church to obtain access to the Church's money and property.

5.    Sometime prior to April 26, 2006, **KENNEDY** and Co-conspirator #1, whom **KENNEDY** had recruited to become a member of BSNJ, obtained physical possession of the following two checks: (a) MZA Trust check #310, in the amount of $34,000, payable to "Bostonview Corporation;" and (b) AXA Equitable Life Insurance Company (hereinafter, "AXA") check #51191628, in the amount of $53,565.46, payable to "The Boston Society of the New Jerusalem." After obtaining possession of the two checks, **KENNEDY** and Co-conspirator #1 conspired to devise a scheme and artifice to defraud the Church of its money.

6.    In furtherance of that scheme, and with the intent to defraud the Church and others, on or about April 26, 2006, **KENNEDY** opened the following two bank accounts at Sovereign Bank New England, 75 State Street, Boston, Massachusetts:   (1) Account No. ending 7872, Boston Society of New Jerusalem Inc., P.O. Box 961071, Boston, Massachusetts, 02196 (hereinafter, "7872 Account"); and (2) Account No. ending 2451, BVC Trust, Thomas J. Kennedy Trustee, Canton, Massachusetts, 02021 (hereinafter, "2451 Account") (collectively, the "Sovereign Accounts").   **KENNEDY** had dominion and control over both P.O. Box 961071 and the Canton, Massachusetts address (which was **KENNEDY**'s residential address), neither of which was affiliated with the Church in any way.

3

7. On or about April 26, 2006, **KENNEDY** deposited MZA Trust check #310 into the 2451 Account. On or about April 27, 2006, **KENNEDY** deposited AXA check #51191628 into the 7872 Account. After the checks cleared, **KENNEDY** and Co-conspirator #1 shared the stolen proceeds.

8. As part of the fraud scheme, between April 26, 2006 and continuing throughout the course of this conspiracy, **KENNEDY** and Co-conspirator #1 caused bank statements and other financial documents for the Sovereign Accounts to be mailed to the addresses **KENNEDY** provided when he opened the accounts. This enabled **KENNEDY** and Co-conspirator #1 to conceal the fraud from the Church and others.

9. In addition to the April 26 and 27, 2006 deposits described above, on the dates listed below, **KENNEDY**, with the intent to defraud the Church and others, caused the following additional checks, each of which was payable to either BSNJ or BVC, to be deposited into the 2451 and 7872 Accounts:

  a. May 2, 2006 – $604.28 AXA Equitable check #51201035;

  b. September 1, 2006 - $30,000 MZA Trust check #399;

  c. April 8, 2008 - $10,000 US Bank convenience check #83523 drawn on the account of Person #1;

  d. May 20, 2008 - $20,000 Bank of America check #10682 drawn on the account of Person #2; and

  e. June 20, 2008 - $20,000 Braintree Cooperative Bank official check #612000088 purchased by Person #2.

10. After the five additional above-described checks were deposited into the Sovereign Accounts, **KENNEDY** and Co-conspirator #1 shared the stolen proceeds.

## THE MAIL FRAUD CONSPIRACY

11. From at least on or about April 26, 2006, until at least on or about June 20, 2008, at Boston, Canton, and elsewhere in the District of Massachusetts,

**THOMAS J. KENNEDY,**

defendant herein, with the intent to defraud, combined, conspired, confederated, and agreed with Co-conspirator #1 and other persons, known and unknown, to devise the above-described scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises.

12. For the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises, **KENNEDY** and Co-conspirator #1 knowingly caused to be placed in a post office and authorized depository for mail matter a thing to be sent and delivered by the Postal Service, to wit: bank statements and other financial documents between 2006 and 2008 for the Sovereign Accounts.

All in violation of Section 1349, Title 18 of the United States Code.

COUNT TWO:       (26 U.S.C. § 7206(1) - Filing a False Individual Tax Return)

The United States Attorney further charges that:

On or about May 18, 2006, in the District of Massachusetts,

**THOMAS J. KENNEDY,**

defendant herein, did willfully make and subscribe a 2004 United States Individual Income Tax Return, which was verified by a written declaration that it was made under the penalty of perjury, and which **KENNEDY** did not believe to be true and correct as to every material matter, in that said Individual Tax Return substantially understated his actual income and included false expenses on both Schedule A for mortgage interest and on Schedule C for commissions, mortgage interest, bad debt and legal and professional services.

All in violation of Title 26, United States Code, Section 7206(1).

7

**COUNT THREE:** **(26 U.S.C. § 7206(1) – Filing a False Individual Tax Return)**

The United States Attorney further charges that:

On or about April 15, 2007, in the District of Massachusetts,

**THOMAS J. KENNEDY,**

defendant herein, did willfully make and subscribe a 2006 United States Individual Income Tax Return, which was verified by a written declaration that it was made under the penalty of perjury, and which **KENNEDY** did not believe to be true and correct as to every material matter, in that said Individual Income Tax Return substantially understated his actual income and included false expenses on both Schedule A for unreimbursed employee expenses, and on Schedule C for employee benefit program expenses, legal and professional services, accounting services, and insurance.

All in violation of Title 26, United States Code, Section 7206(1).

**COUNT FOUR:**     **(26 U.S.C. § 7206(1) – Filing a False Individual Tax Return)**

The United States Attorney further charges that:

On or about April 15, 2008, in the District of Massachusetts,

**THOMAS J. KENNEDY,**

defendant herein, did willfully make and subscribe a 2007 United States Individual Income Tax Return, which was verified by a written declaration that it was made under the penalty of perjury, and which **KENNEDY** did not believe to be true and correct as to every material matter, in that said Individual Income Tax Return substantially understated his actual income.

All in violation of Title 26, United States Code, Section 7206(1).

**COUNT FIVE:**     **(26 U.S.C. § 7206(1) - Filing a False Individual Tax Return)**

The United States Attorney further charges that:

On or about October 6, 2009, in the District of Massachusetts,

**THOMAS J. KENNEDY,**

defendant herein, did willfully make and subscribe a 2008 United States Individual Income Tax Return, which was verified by a written declaration that it was made under the penalty of perjury, and which **KENNEDY** did not believe to be true and correct as to every material matter, in that said Individual Income Tax Return substantially understated his actual income.

All in violation of Title 26, United States Code, Section 7206(1).

**FORFEITURE ALLEGATIONS:   (18 U.S.C. § 981(a)(1)(C) and
                            28 U.S.C. § 2461(c))**

1.   Upon conviction of the offense in violation of 18 U.S.C. § 1349, charged in Count One,

**THOMAS J. KENNEDY,**

defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense.

2.   If any of the property described in paragraph 1 hereof as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant --

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred to, sold to, or deposited with a third party;

   c.   has been placed beyond the jurisdiction of this Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 1 above.

11

All pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c).

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: _____
Zachary R. Hafer
Dustin Chao
Assistant U.S. Attorneys

March 13, 2013